Good morning, welcome to all of our visitors, council today. First case on the call of the docket for Wednesday, September 18, 2013 is agenda number 15, case number 115601, American Access Casualty Company appellant v. Ana Reyes et al., State Farm Insurance Company appellee. Any counsel for the appellant, please proceed. May it please the court and counsel, excuse me, my name is Keely Hillison and I represent the appellant, the plaintiff, American Access Casualty Company. American Access issued a car insurance policy to Ana Reyes. In that policy, Ms. Reyes designated Jose Cazares as the primary driver of her car and she also signed an endorsement, a named driver exclusion, excluding coverage if and when she herself drives. Illinois courts have consistently upheld and enforced named driver exclusions, except the appellate court in this case carved out an exception, ruling that such exclusions are against public policy and void if the excluded driver is the sole named insured. The mandatory insurance statute, section 7-601 of the Illinois Vehicle Code, expressly allows policy defenses that were available at common law. Named driver exclusions were available at common law for both permissive drivers and car owners alike. So under the mandatory insurance statute, named driver exclusions are allowed. The insurance card statute and regulation, section 7-602 of the Vehicle Code and 50 Illinois Administrative Code 8010.20, also show a legislative intent to allow named driver exclusions as an exception to the mandatory insurance statute. Has anything been in dispute though, counsel? Named driver exclusion or are we to decide whether or not denying liability coverage to the sole named insured? Is that the real issue? The issue is whether these exclusions which have been upheld as to car owners, permissive drivers alike, can be prohibited if the car owner names a primary driver who is not a named insured and he or she is a sole named insured. And it's a question of statutory interpretation. It is a question of public policy. I submit that the statutes suggest that this is allowed specifically by that amendment to the statute, which I believe took effect in the beginning of 1997, specifically allowing any policy defense that was available at common law. This is a policy defense that was available at common law. And the insurance card statutes I submit would not allow, would not require insurers to issue insurance cards specifically warning of excluded drivers if these exclusions were not allowed. As for the public policy reasons, the same public policy reasons that support allowing named driver exclusions for permissive drivers also apply to named driver exclusions of car owners and named insureds. These exclusions are needed so that families can get car insurance by excluding an unsafe or unqualified member of the family who would otherwise prohibit an insurer from issuing a policy or make it cost prohibitive. Regarding public policy, how does your position further the legislature's purpose of requiring insurance for automobiles if the sole named insured can be excluded? Well, in this instance, a primary driver was listed, someone other than the named insured. And the named insured signed the named driver exclusion. It was never the intention of the parties that the named insured would be driving this car. And as the dissent pointed out in the Louisiana case relied upon by the appellate court, it really no difference. If someone is going to decide to drive without insurance, it makes no difference whether they do so by failing to buy any insurance at all or if they do so by That's in keeping with the legislative purpose. Pardon me? That's in keeping with the legislative purpose. Yes. In fact, I think it furthers the legislative purpose of requiring insurance for all vehicles. And the statute addresses insurance for vehicles, not particular drivers. Ms. Hilson, though, I think on the form, doesn't it show that the, there's a notation in the section where it says operators of the vehicle, and it lists the two persons. And the notation was put in there excluded instead of the driver's license number. Isn't it a presumption that the driver is going to be driving? It has a license number there instead of being excluded? No. I think by putting excluded there, it's made clear that this person, although she isn't insured on the policy, will be excluded from coverage. However, if she's filling out the form, wouldn't you think the form would require a driver's license there? Where else on the form would it be where you could make a notation that she'd be excluded? There is a separate paper, separate endorsement, which is filled out and which she signed saying that she's going to be excluded. Right. And there's a provision within the policy which says, notwithstanding anything else in this policy, if there's a named driver exclusion endorsement, the person listed as the excluded driver will not be covered when that person is operating the car. I think it's about as clear as it can be to her that she's not going to be covered if she drives this car. And it's clear. So that's why she didn't give her driver's license number? I don't know why she didn't give her driver's license. It may not be required if she's an excluded driver. I don't. And it doesn't show from the record. I don't know why she was excluded. I don't know if she had a number of tickets for reckless driving or whatever. But for whatever reason, she was deemed not an acceptable risk. And she was excluded. Counsel, the language at issue in the statute says that the policy, quote, shall ensure the person named therein and any other person using or responsible for the use of such motor vehicle and that it goes on. It doesn't say or. It says ensure the person named therein. How do you, how does that square with your argument? Well, first of all, I think the name, the person named therein could be the person designated as the primary driver, which would be Mr. Cazares in this case. Also, I think the purpose of that statute was simply to ensure that if you lend your car to someone, they have your permission to use your car, that that person will be covered just as if he or she was a named insured. And that's the. So is that language ambiguous? I wouldn't say. I'm not sure if it's ambiguous, but it has been interpreted to allow name driver exclusions of permissive drivers, even though the statute expressly says that permissive drivers have to be covered. We have to construe the statutes together. 7-601, the mandatory insurance statute, which you mentioned, was enacted at the same time as 7-602, the insurance card statute, which specifically refers to excluded drivers. So taking those two together, I think it's clear that the legislature intended to continue with the practice that was allowed at common law of excluding specific drivers by name. If that's the case, then what is your contention with regard to Section 7-317B2 of the Illinois Safety and Family Financial Responsibility Law and how it conflicts with it? I'm sorry, which section? 7-317B2 of the Illinois Safety and Family Financial Responsibility Law. What is your response to the contention that this insurance provision conflicts with that section? Well, again, I think you have to read the statutes together. It's a system where the vehicle has to be insured, but it's contemplated that there will be some exclusions, and various exclusions have been upheld as to named insureds and permissive drivers, even though the statutes say the named insured and permissive drivers have to be covered. For instance, this Court has upheld food delivery exclusion in the progressive versus liberty mutual case, saying, well, the exclusion would have applied whether it was the named insured or the permissive driver driving. It's contemplated that there will be some exclusions to the insurance policy. But the only named insured in this policy was Reyes, right? She's the only named insured because she happens to be – As a reser, however you pronounce the name, was listed as an operator. Right. He's listed as a primary driver. So the other cases that you mentioned in having your brief upholding named driver exclusions listed other named insureds in the policies, right? I'm not sure if they all listed other named insureds, but there were other people listed as drivers. For instance, in the Dungy case, the policy at issue was issued to Mrs. Dungy, and her husband was listed as an excluded driver, even though he was a co-owner of the vehicle that was listed as an insured vehicle. And this Court held that there was no coverage due to the named driver exclusion, even though he was driving the insured vehicle at the time of the accident. So getting back to – you don't see any problem in getting back to Justice Garmon and Justice Burke's question where the sole named insured was not insured under the policy. That is not at odds with 317 – 7S-317B. I don't believe it is at odds when, as here, there is someone else designated in the policy as the primary driver of the vehicle. To hold otherwise would effectively prohibit unmarried people who own cars, but who for some reason are unable or unqualified to drive themselves, from obtaining any insurance for their car or car insurance for their family. You may have an elderly lady who no longer passes the driving test to keep her driver's license, but she may still want to use her car by having a relative or friend or neighbor drive her car. The appellate court opinion in this case would effectively prohibit her from doing that because she wouldn't be allowed to drive – exclude herself from coverage, even though it was never intended that she would drive, that she had someone else who she could designate as her driver. However, if the statute says must cover the named insured, and you argued a few moments ago that the named insured could be someone who is designated as the primary driver, could not the insurance company cover that if, in fact, named insured could mean the primary driver as opposed to the owner? Well, in this policy, the primary driver is not – does not fall within the definition of the named insured. The named insured, I think, in this policy says the first person listed on the declaration sheet. But whether you call them a named insured or a primary driver, I think it makes no difference. The practical effect is these parties contract intending that someone other than the named insured will be the driver of this vehicle, and the named insured will not be driving for whatever reason, whether the person has too many tickets or a DUI is deemed a high risk or whether they're not able to pass a driver's test for any reason. Again, what does named insured under the statute mean? I'm not sure that the named insured is defined by statute. At one point in the statute, 7-601, it says the person named therein rather than the named insured. So neither term is defined by statute. How is that good public policy, so that you have a named insured that has 10 DUIs, and you give the named insured a policy but exclude them? And then permissive users, right? You said, well, a permissive user could use the car and be insured, but the person who you enter into a policy with, just because you have an exclusion, doesn't mean that she isn't going to get in the car and drive. So she goes out and has an accident, and now there's no insurance on that vehicle. Well, there will definitely be no insurance on that vehicle if you don't allow a named exclusion of the car owner in that situation, because no insurer is going to insure that risk. But if you allow a named exclusion of the car owner named insured in that instance, then that car can be insured by excluding coverage only for that particular driver if that driver designates someone else. For instance, a single mom may have a number of DUIs, and the insurance company won't insure her, but her teenage son and daughter may have driver's licenses, and they may need that car to get to school or to get to the doctor or get to the grocery store. But they won't be able to drive that car. You can argue whether it's good public policy to have the teenage daughter driving around too, right? That's true. Very true. You know, following up on that line of questioning, isn't public policy to protect the public? And if we have an exclusion for someone who has a single mom, four kids, and four DUIs, and gets in the car and drives anyway, what the effect will be on the public, you know, if she hurts them? They get no reimbursement for any of their medical expenses. I mean, that seems to me contrary to what the public policy should be. That situation is no different from the spouse of a named insured who is listed as an excluded driver deciding to get in the car and drive, just as he did in the Dungy case. This Court upheld the named driver exclusion in that case. It's the same situation. And as this Court has acknowledged in the, I believe in the Progressive v. Liberty Mutual case, if there's any gap in coverage, well, the effect of exclusions is to place coverage for losses on uninsured motorist carriers. And to the extent that there are gaps between uninsured motorist coverage and liability coverage, that's a matter for the legislature to address. That's not for this Court to address. I see no difference in the public policy reasons that support named driver exclusions for car owners, permissive users who are not the sole named insured, and allowing them for car owners who are the sole named insured. Should it really turn on whether or not the named insured is married? Under all these policies, the named insured definition usually includes the spouse of the person listed on the declaration sheet. So most likely that if you were to look again at that policy in the Dungy case, most likely it would include Mr. Dungy as in the definition of a named insured because he was a spouse. Are we going to prohibit car owners who are not married from obtaining car insurance as they're required by statute? 7601 requires all car owners to obtain car insurance, car liability insurance for their vehicles. They can't do that if they're not able to find an insurer who's willing to issue a policy to them without excluding them from coverage. Counsel, if we would agree with your argument, does it convert an owner's policy into an operator's policy? And the statute seems to distinguish between those two kind of policies. First of all, does it convert it into an operator's policy? No, I don't think it does. Why not? The owner is the one who's required by statute to have a policy, and there are specific coverages that apply to the named insured and the named insured's family or members of the named insured's household, which wouldn't apply in an operator's policy, a non-owner's policy. If the same driver, the single mom with the DUIs who can't find someone to issue an owner's policy, were to try to get coverage for other family members, say, by getting a non-owner's policy for the two teenage kids, those kids still wouldn't be covered when they drive that mom's car because a non-owner's policy typically would not cover a vehicle owned by a member of the household that's not listed on the policy. It's provided for the regular use of the operator. So there's no practical alternative. The owner needs to get the policy as required by statute, and that's the only way that everyone in the family can get the coverage they need. And it's not just liability coverage. If a single mom with the DUIs can't get car insurance for her car, then her kids aren't covered, she and her kids are not covered by uninsured motorist coverage. What if someone's walking down the street and gets clobbered? They're not going to be covered. It's something that everyone needs in order to fill in gaps like this, and there's no real reason why these families should be excluded for separate coverage, for separate treatment. If the statute doesn't define named insured, does the policy? This policy, I believe, defines named insured. It does? Give me a second. I'll try to find it. Well, doesn't the face of the declaration identify who's who? To answer Justice. Would that not be the owner of the automobile or the vehicle? The declarations page of the policy lists named insured and the address, Anna Reyes. She's listed as named insured. So how do we get around the statute? Could the legislature not have said that the vehicle needs to be covered if we follow your line of argument? I think the statute does say the vehicle needs to be covered. The 7-601 says the owner has to have insurance for the vehicle. And I think the statute's, for instance, 7-317B in describing owner's policy of liability insurance, number one says it shall designate all motor vehicles with respect to which coverage is thereby intended. And then it goes on to say shall insure person named therein and any other person using or responsible for the use of such motor vehicle. Again, that section has been interpreted by Illinois courts to allow exclusions, named driver exclusions. Justice Tice, in her opinion in the St. Paul case, listed a number of public policy reasons why that should be allowed. And those same public policy reasons would apply in this case. This particular case, there is an alternative primary driver listed. And I think in those cases, there's no public policy reason why the exclusion should not be allowed. And remember, the courts are only to exercise sparingly the power to. Counsel, I have one question. I asked you before about that same section, but section 2. Is there a conflict between the insurance provision and section 2? You were just describing section 1 of 7-317. I'm sorry. I don't have section 2 with me. It's the family financial responsibility law. Okay. Thank you. If you've answered the question, time has expired. Thank you. I would just ask that you reverse the appellate court judgment, affirm the trial court judgment, and rule that a named driver exclusion of a sole named insured where is here a primary someone else is named as a primary driver is not against public policy and is not void. Thank you. Thank you. The microphone gets everybody. You did warn me about it. That seems sensitive. Good morning, Your Honors. My name is Keith Ryan. I'm the attorney for the appellate state, Appalee State Farm Insurance Company. May it please the court, I believe that this court should affirm the appellate court's decision, reversing the trial court's decision, and find that the exclusion in this case is invalid as to public policy. First, Justice Carmeier, you had indicated the question, in any of the other cases were there other named insureds that were cited by Appalee? And, yes, in all of them there were. In most of them, the named excluded driver were either the son or the spouse, and there was always the one of the owners of the vehicle was still covered under the policy. So, therefore, those cases are distinguishable from the instant matter where there is no named insured covered under this accident. How do you respond to counsel's argument that if you have an incapacitated owner of a vehicle that wants someone to drive him or her around, he or she cannot get insurance for that vehicle following your line of reasoning? Would your hypothetical were they incapacitated before they received the policy or after they received it? Before. If they are incapacitated and cannot drive prior to receiving the policy, first of all, it is likely they do not have a valid driver's license. That is covered by, as this Court ruled in Founders v. Munoz, and as Appalee argued, if you don't have a reasonable expectation to drive, you can be excluded from the policy. Well, counsel, let's go back to this scenario. Let's assume the driver does have a valid license. The driver does have a valid license. An incapacitated owner. An incapacitated owner who does have a valid driver's license. If this individual can't obtain an insurance policy, one of the people who is driving the car can't obtain a non-owner's insurance policy. They can still be insured to drive that vehicle. Additionally, as this Court has held and reasoned, driving is a privilege and not a right. If somebody is unable to drive due to, but still has their license due to multiple violations or incapacity, that is up for the legislature to determine whether they should be allowed to drive and should be allowed to be excluded. It is not for this Court to make that determination. As the Court itself argued in Munoz, that is up to the legislature to provide gaps in coverage. What about the situation where, again, on the hypothetical, the person is incapacitated and they don't have a designated driver? In other words, maybe different people from their church or their neighborhood drive them as necessary to doctor's appointments and to the grocery store. How would that, how would they, they couldn't insure the vehicle, could they? Well, if they, if we're going with the hypothetical that they're incapacitated and cannot drive, but do have a valid driver's license, they wouldn't be excluded on the policy. They cannot drive their car. They can be covered on the policy, for example, if they become incapacitated after the policy is enacted. They would be a covered driver and anybody driving the car. They don't need to be excluded if they're unable to drive their car. There wouldn't be a situation contemplated by the insurance company of a time where somebody who cannot drive a car would be driving a car and causing an accident. Therefore, there would be no reason to exclude them as a named insured on the policy. Mr. Ryan, what is your response to the contention that this insurance provision conflicts, I'm sorry, that this situation that the parties entered into a private contract which excluded the name insured for coverage, why should the court intervene and essentially rewrite the private contract? Your Honor, the court can intervene and rewrite a private contract if it is in conflict with the public policy of the State of Illinois, and this one is clearly in conflict with the statutes of 2601 and 2317b2. So therefore, yes, the court should sparingly use its powers to void contracts, but in this case it is in violation of the public policy, and as the appellate court itself noted, they would use this. They acknowledge that they should use this sparingly, but in this case excluding the only named insured driver, the owner of the vehicle, the applicant of the vehicle, the person paying for the policy, who is then the policy for? That is the person who is named, paying for the policy, owns the vehicle. That is the person who should be covered by this policy, and that is the person that is contemplated by the statutes 2601 and 2317b2. Additionally, Appellee, in the brief, seems to misconstrue or misinterpret what the appellate court was stated. As the appellant stated, that the appellate court misrelied on Louisiana law. But as we know, when you read the brief, that is not the case. They simply cited a Louisiana case for their summary as to public policy. They did not rely on that when coming to the decision. Additionally, appellant has referenced 2602, the insurance card provision, where any driver may be excluded. They repeatedly refer to that. However, they leave off the important part that it's any driver who is driving with the owner's permission can be excluded. It's not just any driver. In fact, 602 goes on to say that the owner, if they're driving a different vehicle, it doesn't even refer to the owner of that vehicle being excluded from their own policy. Therefore, I believe that the legislature has never provided any basis to exclude the sole named insured, the sole owner, the applicant, the payer of the policy. And therefore, that exclusion is in violation of public policy, and this court should strike down that exclusion. Additionally, appellant has been arguing that Cazares is the primary insured on the vehicle. However, even in their own briefs, they have acknowledged that he was never issued an insurance policy or an insurance card. Neither were ever issued to Cazares. He was simply listed as a resident and somebody who lived in the abode of Anna Reyes. Therefore, to now come in and argue that he is the primary reason why this policy was enacted, I believe you can't argue both, that he's not receiving an insurance card, isn't a named insured, yet the policy is for his coverage. If he needed coverage, he could get, again, the non-owner insurance policy. This policy is specifically for Anna Reyes as the named insured, and she is excluded, and that is in direct contravention to the Illinois legislature and the statutes we've discussed. For those reasons, I ask you to affirm the decision of the appellate court to reverse the trial court's decision, finding that the exclusion in this case is invalid and that, therefore, there is coverage for Anna Reyes in this case. No further questions?   Good morning again. Statutes in derogation of the common law must be strictly construed. This mandatory insurance statute appears to be in derogation of the common law policy defense of named driver exclusion. The statute cannot be broadly construed to bar named driver exclusions where the common law did not do so. Nothing in the common law says named driver exclusions can only be applied to permissive drivers or an insured or owner if they're not the sole named insured. And as far as the statutes, I think you should look at the regulation, 50 Illinois Administrative Code 8010.20, when it talks about excluding drivers, doesn't limit the identity of the person. It says only that the insurance card shall designate or warn of excluded drivers. Car owners need to be able to purchase car insurance, not only because it's required by statute, but also because the car owner or their family may need to use that car. It makes more sense to tell the named insured, the car owner, up front by making them sign the named driver exclusion, you are not going to be covered if you drive this car, than trying to hide it somewhere in the policy by saying, well, they're already excluded under the reasonable belief exclusion if they don't have a driver's license. Why can't we tell them up front? You're not licensed. You are not going to be covered. You should not be driving this car. That is more in fitting with Illinois public policy. That will keep these unlicensed or unqualified drivers or unsafe drivers off the road more than some fine print exclusion in the back of the policy. Illinois public policy requires all car owners to purchase car insurance for their vehicle, liability insurance for their vehicle. The only way for some car owners to do that is to exclude themselves from coverage. And I submit that a ruling that would allow named driver exclusions of named insureds and car owners, whereas here someone else is named in the policy as the primary driver, comports with Illinois public policy and should be allowed. Therefore, I ask that you reverse the appellate court judgment, affirm the trial court judgment, and uphold the, and enforce the named driver exclusion in this case. Thank you. Thank you. Number 115601, American Access Casualty Company, appellant for Shazana Reyes, et al. and State Farm Insurance Company, appellate is taken under advisement as agenda number 15. Ms. Tillison and Mr. Ryan, we thank you for your arguments this morning. Thank you, Your Honor.